IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 06-cr-00456-MSK

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL ABEYTA,

Defendant.

_____

**ORDER OF DETENTION: LORENZO ORNELAS-MUNOZ**
_____

THIS MATTER came before me for a detention hearing on May 7, 2007. I have reviewed the Pretrial Services Report and heard the arguments of counsel.

Detention of a material witness is governed by 18 U.S.C. § 3144. Section 3144 allows for the arrest of a material witness. Thereafter, the detention of the material witness is governed by 18 U.S.C. § 3142. Section 3144 provides also:

> No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by a deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

In order to sustain a motion for detention under 18 U.S.C. § 3142, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant

as required or (b) the safety of any other person and the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and heard the arguments of counsel. Weighing the factors set forth in the Bail Reform Act, I find the following:

The testimony of Lorenzo Ornelas-Munoz is material in a criminal proceeding.

I find based on the witness' history and personal characteristics that no condition or combination of conditions will reasonably assure the witness' appearance by subpoena. Specifically, I find that the material witness did not contest detention.

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the presence of the witness by subpoena. Accordingly, I order the material witness detained for a reasonable period of time to allow the material witness' deposition to be taken pursuant to the Federal Rules of Criminal Procedure.

IT IS ORDERED that the material witness is to be afforded a reasonable opportunity to consult confidentially with an attorney; and

IT IS FURTHER ORDERED that upon order of this court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver the material witness to the United States Marshal for the purpose of an appearance in connection with these proceedings.

Dated May 7, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge